UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| TRUSTED HEALTH PRODUCTS, INC, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5: 13-375-DCR |
| ) | |
| V. ) | |
| ) | |
| BLUE CROSS LABORATORIES, INC., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of Plaintiff Trusted Health Products, Inc.'s motion for leave to take discovery and for an extension of the briefing schedule. [Record No. 12] For the reasons set forth below, the motion will be granted.

**I.**

On July 7, 2013, Trusted Health filed a Complaint alleging that Blue Cross is liable for trademark infringement based on its use of the name "ReliefMD" in connection with the sale of its products.[1] It also alleges that Blue Cross engaged in unfair competition in violation of Kentucky law. [*See* Record No. 1.] In its Complaint, Trusted Health asserts that Blue Cross: (i) sells its products nationwide; (ii) solicits and transacts business in Kentucky; (iii) derives substantial income from its business in this district; and (iv) caused Trusted Health's injuries from its acts within or directed towards Kentucky. [Record No. 1, p. 2, ¶5]

---

[1] Trusted Health also seeks cancellation of Blue Cross' trademark.

-1-

Blue Cross has moved to dismiss the Complaint. [Record No. 10] It argues that the Court does not have personal jurisdiction over it and that venue is improper in Kentucky. Further, it argues that all acts or omissions giving rise to the plaintiff's claims occurred in California, making venue improper in this Commonwealth. As a result, Blue Cross asserts, in the alternative, that if the Complaint is not dismissed, the matter should be transferred to California. Blue Cross filed a declaration from its president, Darrell Mahler, in support of these contentions. In the declaration, Mahler contradicts several allegations contained in the Complaint.

Trusted Health has requested leave to take discovery on the issues raised in Blue Cross' motion to dismiss. Additionally, it seeks an extension to file a response. Alternatively, Trusted Health asserts that if the Court does not allow discovery, it should strike the declaration. While Blue Cross does not generally oppose Trusted Health's motion, it objects to any discovery beyond the scope of its contacts with Kentucky and the striking of Mahler's declaration.

**II.**

"As there is no statutory direction for procedure upon an issue of jurisdiction, the mode of its determination is left to the trial court." *Gibbs v. Buck*, 307 U.S. 66, 71-72 (1939). In response to a motion raising issues of jurisdiction, a court may resolve the motion on the written submissions and pleadings, allow further discovery, or conduct an evidentiary hearing on the merits of the motion. *Serras v. First Tennessee Bank Nat. Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989) (citing *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir.

1981)). However, regardless of the method utilized, the plaintiff bears the burden of proving proper jurisdiction. *Id.* (citing *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936)).[2]

A district court may assert personal jurisdiction over a nonresident defendant only when doing so would be: (i) allowed by the forum state's long-arm statute; and (ii) consistent with due process. *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (citations omitted). Personal jurisdiction can be general or specific, depending upon the nature of the contacts that the defendant has with the forum state. *Id.* In its motion to dismiss, Blue Cross argues that Kentucky's long-arm statute and due process require a finding of no jurisdiction under both specific and general personal jurisdiction. [Record No. 10]

As noted previously, Blue Cross relies on the declaration of Mahler to support its argument. His declaration contains numerous assertions concerning Blue Cross' business relationships with its customers to support the contention that it does not have sufficient contacts with Kentucky to give this Court personal jurisdiction over the company. [Record No. 10-2] However, the actual substance of the agreements, orders, and contracts have not been disclosed. Information of this type is relevant to a jurisdictional inquiry because an

---

[2] The burden of proving jurisdiction depends on the approach used by the court. *Palnik v. Westlake Entm't, Inc.*, 344 F. App'x 249, 251 (6th Cir. 2009). If a court only relies on the written submissions and the pleadings, then the plaintiff's burden is "relatively slight" and he or she must only make a *prima facie* showing of jurisdiction to defeat the motion. *Estate of Thomson ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 360 (6th Cir. 2008) (citations omitted). Further, all facts are construed in a light most favorable to the plaintiff. *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980). However, if the court allows limited discovery or an evidentiary hearing, the burden increases and the plaintiff must establish proper jurisdiction by a preponderance of the evidence. *Id.*

entity such as Blue Cross may purposefully avail itself of doing business in Kentucky if it enters into agreements to distribute products nationwide. *Bridgeport Music, Inc. v. Still N The Water Pub.*, 327 F.3d 472, 484 (6th Cir. 2003).

The contracts and agreements would also assist Trusted Health in adequately responding to the issues presented the pending motion to dismiss. Indeed, "'[a] plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum.'" *Diamond Chem. Co. v. Atofina Chems., Inc.*, 268 F.Supp.2d 1, 15 (D.C.Cir.2003) (quoting *El-Fadl v. Cent. Bank of Jordan*, 75 F.3d 668, 676 (D.C.Cir.1996)). Moreover, Blue Cross' motion does not address the revenues generated by Kentucky sales. The amount of revenue derived from a state is relevant to a jurisdictional inquiry. And while Blue Cross does provide a rough estimate regarding revenues, discovery would allow the parties to more fully develop the issue to permit a full and accurate resolution of the motion to dismiss.

As noted above, Blue Cross generally objects to discovery on issues other than its contacts with Kentucky. However, the scope of discovery concerning jurisdiction, venue and transfer is within the Court's discretion. *Theunissen v. Matthews*, 935 F.2d 1454, 1465 (6th Cir. 1991); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978); *Kron Medical Corp. v. Groth*, 119 F.R.D. 636, 638 (M.D.N.C.1988). Discovery regarding these matters will promote full and fair resolution of the pending motions.

**III.**

In light of the disputed factual issues concerning Blue Cross's motion to dismiss, limited discovery will be permitted concerning: (i) the allegations contained in Mahler's declaration; (ii) jurisdiction, and (iii) whether transfer to another venue is appropriate. Accordingly, it is hereby

**ORDERED** as follows:

1. The plaintiff's motion for leave to take discovery and for an extension to the briefing schedule [Record No. 12] is **GRANTED**. The plaintiff's motion to strike [Record No. 12] is **DENIED**.

2. The plaintiff shall have sixty (60) days from the entry of this Order to complete discovery regarding the areas outlined above. The plaintiff shall have thirty (30) days thereafter to file its written response to the defendant's motion to dismiss. The defendant's time for filing a reply memorandum shall be governed by the Local Rules.

3. The defendant's motion for oral argument [Record No. 11] is **DENIED**, without prejudice to being renewed following completion of the limited period of discovery outlined above.

This 21st day of July, 2014.



Signed By:
*Danny C. Reeves* DCR
United States District Judge